

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| VS. | § | CASE NO. 1:09-CR-83 |
| ROBIN JORDAN FRANKS | § § § | |

### FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On June 25, 2009, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, Robin Jordan Franks, on **Count 1** of the charging **Information** filed in this cause.  Count 1 of the Information charges that on or about November 14, 2006, in the Eastern District of Texas, Robin Jordan Franks, Defendant herein, with the intent to deceive another person and organization, did make, utter, and possess a forged

security, that being a check containing a forged signature, drawn on the account of Proctor Partnership, an organization operating in commerce, in violation of Title 18, United States Code, Section 513(a).

Defendant, Robin Jordan Franks, entered a plea of guilty to Count 1 of the Information into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a. That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b. That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c. That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

d. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that her conduct falls within the definition of the crime charged under 18

U.S.C. § 513(a).

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing. *See Factual Basis and Stipulation*. The Government and the Defendant agreed that if this case were to proceed to trial, the Government would prove that Defendant is one and the same person charged in the Information and that the events described in Information occurred in the Eastern District of Texas. The Government would also prove each essential element of the charged offense beyond a reasonable doubt through the testimony of witnesses, including expert witnesses, and through admissible exhibits. Specifically, the parties stipulated that the Government would prove the following facts, through the following evidence:

A partner with the Proctor Partnership would testify that the organization is a real estate partnership in the Beaumont, Texas, area engaged in the business of owning, managing and operating various commercial properties and operates in interstate commerce through its communications, travel, and contract obligations. The partner would testify that from on or about April, 2005, to February 2007, Defendant Robin Jordan Franks was employed as a bookkeeper and office manager for the partnership in its Beaumont, Texas office. As part of her duties the defendant had access to the checkbooks and bank statements related to the various checking accounts the partnership maintained in managing numerous real estate holdings. As a result of an inquiry from a bank in February 2007, a partner examined a recent bank statement and noticed there were checks made payable to the defendant Robin Jordan Franks which were

not authorized and appeared to be forged. An examination of fourteen checking accounts used by the partnership for different properties revealed a pattern of forged checks made payable to the defendant Robin Jordan Franks and duplicate checks issued to the defendant for payroll but with an authorized signature by a partner. The two partners would testify that they never authorized defendant Franks to sign their names to any checks or authorized any of the forged checks to be issued and they did not knowingly approve the issuance of any duplicate checks. The partners have examined accounts for 2005 - 2007 and believe their minimum loss is $81,457.55, based upon approximately 129 forged or duplicate checks. Further, the evidence would show that check number 12919, in the amount of $699.98, issued on November 14, 2006, is a forgery and was not authorized by the partners. Bank and business records would be introduced from Texas State Bank and Community Bank which contain numerous checks which are identified by the partnership above as being forged and other checks which duplicate payroll amounts previously paid.

Defendant, Robin Jordan Franks, also agreed with the facts set forth by the Government and signed the *Factual Basis and Stipulation.* Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that she was entering her guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count 1** of the charging **Information** on file in this criminal proceeding. The Court also recommends that the District Court conditionally accept the plea agreement.[1] Accordingly, it is further recommended that, Defendant, Robin Jordan Franks, be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 513(a).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject the plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw her guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v.*

*Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 30th day of June, 2009.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE